(No. 81-CV-0689—▮▮▮▮▮)

*In re* APPLICATION OF DAVID PRICE.

*Order filed August 5, 1982.*

DAVID PRICE, *pro se,* for Claimant.

TYRONE C. FAHNER, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on

October 25, 1980. David Price seeks compenstion pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on February 23, 1981, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based on these documents and other evidence submitted to the Court, the Court finds:

1. That on October 25, 1980, during the course of a verbal dispute, the Claimant was stabbed by the offender, who was known to him. The incident occurred on the street at 7556 South Seeley, Chicago, Illinois. The victim was taken to Little Company of Mary Hospital for treatment. The offender was apprehended, convicted on the charge of aggravated battery and sentenced to 2½ years felony probation.

2. That the Claimant seeks compensation for medical/hospital expenses and loss of earnings.

3. That the Claimant filed employers reports with the Attorney General's office to authenticate his loss of earnings. An investigation by that office revealed that the Claimant had submitted false employers reports, in that he was not employed by said company, nor had the alleged employer completed the report as required by the Crime Victims statute.

4. That section 20(a) of the Act (Ill. Rev. Stat. 1979, ch. 70, par. 90(a)), states that in addition to any other civil liability or criminal penalties provided by law, a person who the Court of Claims finds has wilfully misstated or omitted facts relevant to the determination of whether compensation is due under this Act or of the

amount of that compensation, whether in making application for compensation or in the further proceedings provided for in this Act, shall be denied compensation under this Act.

5. That without addressing the merits of other issues raised in the investigatory report, the Claimant's action of wilfully misstating facts warrants that the Claimant be denied entitlement to compensation.

It is hereby ordered that this claim be, and is hereby denied.